THOMAS MILTON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Writ of error dismissed by the court, there being no record evidence of a final judgment entered, but only a recital by the clerk as follows: "Whereupon judgment upon the said verdict was entered by the court, during said term of court, and did sentence the defendant to be hanged by the neck until he was dead, as appears of record." Also the certificate of the clerk to the supposed transcript of record reciting that certain numbered pages constituted a true copy of all proceedings and a correct transcript of the record of a judgment, not in the case of the State of Florida against Thomas Milton, but in the case of the State of Florida against another party, to-wit: James Bartlett, as appeared upon the files and records in the clerk's office.

Writ of Error to the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion.

*M. L. Mershon*, for Plaintiff in Error.

The *Attorney-General*, for Defendant in Error.

MABRY, J.:

The plaintiff in error was indicted at the Spring term, A. D. 1896, of the Circuit Court of Hillsborough county, for the murder of Georgie McGraw, and during said term was tried and convicted of the crime charged.

A writ of error, it appears from what is before us, was sued out by plaintiff in error on the 5th day of June, A. D. 1897, returnable to the 12th day of July following, and a proposed transcript of the record was filed here on the 7th day of that month. Briefs for plaintiff in error were filed on the return day of the

writ, and the reply of the Attorney-General followed on the 21st of July. There was also filed in this court on the 28th day of July last a waiver, on the part of plaintiff in error, of his right to reply to the brief filed by the Attorney-General.

From the proposed transcript of record it appears that a demurrer to the indictment was overruled, and after the order of the court overruling the demurrer, the following recital appears, *viz:* "and afterwards, to-wit: on the 19th day of May, A. D. 1896, upon issue joined upon the plea of not guilty interposed after due and lawful arraignment, the court proceeds with the selection of the following jury to-wit:" The jury returned a verdict of guilty of murder in the first degree as charged in the indictment, and after motions in arrest of judgment and for new trial were overruled the following recital appears, *viz:* "whereupon judgment upon the said verdict was entered by the court, during said term of court, and did sentence the defendant to be hanged by the neck until he was dead, as appears of record." There is no other evidence before us, aside from the bill of exceptions, of the arraignment of the accused, or judgment of the court, than what is contained in the recitals given. The certificate of the clerk to the transcript states that "the foregoing pages, numbered from one to —— inclusive, constitute a true copy of all the proceedings and a correct transcript of the record of the judgment in the case of the State of Florida, plaintiff, and James Bartlett, defendant, as appears upon the files and records of my office." The plaintiff in error is indicted by the name of Thomas Milton, without an *alias,* and James Bartlett is brought in for the first time in the certificate to the transcript.

Transcripts of records in criminal cases are not gov-

erned by the new rules of practice adopted expressly for civil causes, and it is evident that we can not take the mere recitals of the clerk as to what records show in reference to judgment entries and arraignments of prisoners. In the case against Thomas Milton we have in fact no certified copy of the transcript of the record, as what is copied is certified as having taken place in the case of the State against James Bartlett, without any evidence that he is the same person as the plaintiff in error. If we could overcome the defect in the certificate, and regard the insertion of the name of James Bartlett as a clerical error, we still would have no proper evidence that the plaintiff in error was ever arraigned, or that any final judgment was ever entered upon the verdict rendered. Without proper record evidence of a final judgment entered in a case, we have no jurisdiction to determine anything except to dismiss the writ of error. There is no reference in the assignment of errors and briefs filed in the case to the defects we have pointed out, but we can not pass them over in silence, and an order will be made dismissing the writ of error.

It is evident, without any mention of the fact, that proper attention has not been given to the presentation of this case in this court, and counsel ought to know that the court should not and will not proceed to determine a case involving such a grave charge on such a record. An order dismissing the writ of error will be entered.